[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated February 8, 1999, the plaintiff, Thomas F. Brown, an attorney, seeks attorney's fees for the representation of the defendant, Paul Loomis, in matters relating to a restraining order, dissolution and an action of neglect.
On December 20, 1999, the defendant filed his answer, special defense and counterclaim.
After a full trial, all parties present and/or represented by counsel, the court, by a preponderance of the credible, relevant, reliable and lawfully admissible evidence and the reasonable, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows.
We note that previously, the court, (Gordon, J.) had granted the plaintiff's motion to strike the defendant's special defense and amended counterclaim. Trial on the plaintiff's complaint and the defendant's answer was held.
The plaintiff is a practicing attorney with offices in New Haven, Connecticut.
On April 2, 1997, the defendant retained the services of the plaintiff to represent him in matters relating to a restraining order issued against him, dated March 3, 1997, and a dissolution of marriage action returnable April 29, 1997, said actions were brought to the Superior Court for the district of Middlesex, at Middletown. The defendant also engaged the plaintiff to represent him in an action of neglect in the Superior Court for Juvenile Matters at Montville.
The plaintiff provided legal services on behalf of the defendant and billed him for legal fees of $28,848.00 plus costs of $703.09 for a total of $29,551.09.
The defendant has paid to the plaintiff the sum of $12,500.00 leaving an alleged balance due of $17,051.09.
The court concurs with Gordon, J.'s action dismissing the defendant's special defense and counterclaim, to wit, that the underlying actions, for which the plaintiff was engaged, do not come under the purview of Conn.Gen.Stat. § 52-251, and that the amended counterclaim failed to state a legally sufficient claim under the Connecticut Unfair Trade Practices Act.
The defendant, when he was billed, prior to the conclusion of the CT Page 17276 plaintiff's representation of him, in the amount of $21,760.50, did not object to the billing, but noted on the letter accompanying the billing that he would pay at least $50.00 per week plus more when able towards the bill. After this billing, the plaintiff continued his services to the benefit of the defendant increasing the total billing to $29,551.09.
The court expressly finds under the facts and circumstances of this case that the billing of $29,551.09 was fair, reasonable and equitable. In fact, the results obtained through the efforts of the plaintiff were extremely positive and beneficial to the defendant.
Judgment should enter for the plaintiff for the reasonable value of his services less the amount paid by the defendant.
Accordingly, judgment is entered for the plaintiff, Attorney Thomas F. Brown, to recover of the defendant, Paul A. Loomis, the sum of $17,051.09 plus legal interest and costs of suit.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE